UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EMILIO FERNANDEZ and KELLY FERNANDEZ,<br><br>        Plaintiffs,<br><br>    v.<br><br>DIGNITY HEALTH d/b/a ST. ELIZABETH COMMUNITY HOSPITAL,<br><br>        Defendant. | NO. CIV. 2:13-00742 WBS CMK<br><br><u>ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES</u> |

----oo0oo----

        This matter is presently before the court on plaintiffs' motion to strike defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). (Docket No. 12.)

        Pursuant to Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to avoid the costs that accompany litigating spurious issues by dispensing with those issues prior

to trial.  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  "Motions to strike are generally viewed with disfavor and are not frequently granted.  Courts must view the pleading under attack in the light more favorable to the pleader."  Garcia ex rel. Marin v. Clovis Unified Sch. Dist., No. Civ. 1:08-1924 AWI SMS, 2009 WL 2982900, at *23 (E.D. Cal. Sept. 14, 2009) (citation omitted).

Defendant does not oppose plaintiffs' motion to strike its first, second, fourth, tenth, seventeenth, and eighteenth affirmative defenses.  (Docket No. 21.)  Accordingly, the court will grant plaintiffs' motion to strike these affirmative defenses without prejudice.  In their reply brief, plaintiffs withdraw their motion to strike defendant's sixth, seventh, eleventh, twelfth, and sixteenth affirmative defenses.  (Docket No. 22.)  Only defendant's third, fifth, eighth, ninth, thirteenth, fourteenth, and fifteenth affirmative defenses remain at issue.

While defendant's remaining affirmative defenses are arguably unclear, given the diverse number of claims alleged in the complaint,[1] the court is unable to say at this stage of the litigation that any of those affirmative defenses could not be applicable to at least one of the plaintiffs' claims.  If plaintiffs wish further information as to how defendant contends each of those defenses apply to the particular claims in this case, plaintiffs may appropriately inquire by interrogatories.

---

[1] The complaint contains claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.; and California's Disabled Persons Act, id. § 54 et seq.

IT IS THEREFORE ORDERED that plaintiffs' motion to strike affirmative defenses be, and the same hereby is, GRANTED as to defendant's first, second, fourth, tenth, seventeenth, and eighteenth affirmative defenses; and DENIED as to defendant's other affirmative defenses.

Defendant has fourteen days from the date this Order is signed to file an amended answer, if defendant can do so consistent with this Order.

Dated:  December 31, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE